Shane E. Olafson (Bar No. 024605)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, Arizona 85004
Phone: (602) 262-5327
Fax: (602) 734-3756
solafson@lrrc.com

*Attorneys for Plaintiff 2 Dogs Distribution, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 2 Dogs Distribution, LLC, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Cyberush Products Ltd. d/b/a Toogli, | **(Jury Trial Demanded)** |
| Defendant. | |

Plaintiff 2 DOGS Distribution, LLC ("2 DOGS" or "Plaintiff"), for its Complaint against Cyberush Products Ltd. d/b/a Toogli ("Toogli" or "Defendant"), hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement, trademark infringement, and unfair competition arising under 35 U.S.C. § 1, *et seq.*, 15 U.S.C. § 1051, *et seq.*, and applicable state and common laws.

2. This Court has subject matter jurisdiction over this action pursuant to at least 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. §§ 271 and 281, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent and trademark laws of the United States. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C § 1367.

3. This Court has personal jurisdiction over Defendant because it has, directly or through its agents and/or intermediaries, committed acts within, and directed to, this District giving rise to this action and/or has established such minimum contacts with this

District such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

4. Particularly, upon information and belief, Defendant and/or its agents and/or intermediaries, offers for sale and/or sells its products in Arizona, including the products accused of infringement in this action, through several distributors in the United States, without geographical limitation or restriction as to the method of sale, including through distributors who offer such products for sale over the Internet with free nationwide shipping, including products for sale within or into this judicial district, in direct competition Plaintiff within this judicial district. Defendant also sells and offers its products for sale through Internet-based distributors, including Amazon and its own internet store at toogli.com. Defendant's accused product is also offered for sale on Bonanza.com, OlivesMall, The Newish Warehouse, and Chickadee Solutions.

5. Upon information and belief, and as further described herein, Defendant has committed patent infringement in Arizona that has led to foreseeable harm and injury to Plaintiff. On information and belief, Defendant derives substantial revenue from the sale of its infringing products distributed within this District and/or should reasonably expect its actions to have consequences in this District.

6. Additionally, Defendant is subject to jurisdiction in the United States and specifically in this District, pursuant to Fed. R. Civ. P. 4(k)(2). Defendant has contacts within the United States that include, *inter alia*, offering to sell and/or selling infringing products within this Judicial District and/or having infringing products imported into the United States.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

**PARTIES**

8. 2 DOGS is a Delaware limited liability company with a principal place of business at 125 W. Gemini Dr., Suite E1-E2 in Tempe, Arizona 85283.

1    9.   Upon information and belief, Defendant is a corporation organized and existing under the laws of the Province of Manitoba, Canada, having a principal place of business at 198 Carroll Road, Winnipeg, MB, R3K 1H6 Canada.

**GENERAL ALLEGATIONS**

10.  2 DOGS is the exclusive owner of certain intellectual property directed to innovative and quality carabiner products, including, without limitation, United States Design Patent Nos. D613,583 and United States Federal Trademark Registration No. 3,306,126 for THE MOMMY HOOK.  The Mommy Hook® product has been sold commercially in one form or another since at least 2006, and has gained widespread recognition among consumers.  A photo of the authentic Mommy Hook product is below:

 

11.  2 DOGS seeks to exploit the reach of THE MOMMY HOOK brand and product through a successful and profitable licensing and merchandising program.  2 DOGS is very selective in the choice of its licensees and carefully controls and monitors the quality of the licensed products.  The intent of the licensing program is to build brand equity on THE MOMMY HOOK trademark by licensing quality products, and strengthening THE MOMMY HOOK experience for both core and non-traditional customers.

12. The Mommy Hook® has been widely successful due to its unique design, and has garnered a reputation as a high-quality, innovative and stylish product.

### A. **Plaintiff's Patent Rights**

13. 2 DOGS has taken steps to protect its products and owns various United States patents relating to its product designs. Relevant to this dispute, 2 DOGS owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, United States Patent No. D613,583 ("the '583 Patent"), which issued on April 13, 2010. A copy of the '583 Patent is attached as **Exhibit A**.

14. The '583 patent is entitled "Carabiner," and claims the distinctive ornamental design for a carabiner as shown in the Patent.

15. The '583 patent is presumed to be valid.

### B. **Plaintiff's Trademark Rights**

16. 2 DOGS is also the owner of common law and statutory rights to THE MOMMY HOOK trademark, including United States federal trademark Registration No. 3,306,126 for THE MOMMY HOOK ("the Trademark"). The Trademark covers goods and services in Class 6, including "Fasteners, namely, metal clips and metal hooks, for use on strollers, shopping carts and other carrier structures." A true and accurate copy of the Trademark registration is attached as **Exhibit B**.

17. As a result of continuous and long-standing promotion, substantial sales, high quality, and consumer recognition, THE MOMMY HOOK has developed powerful good will that others want to copy.

18. THE MOMMY HOOK trademark is presumed valid and is incontestable pursuant to 15 U.S.C. § 1065.

### C. **Defendant's Infringing Activities**

19. Without 2 DOGS' authorization, Defendant has made, used, sold, and/or offered to sell a product that is the same or substantially similar to the design claimed in the '583 Patent ("the Infringing Product"), thus directly infringing the '583 Patent.

20. On information and belief, Defendant also imports (or causes others to import) the Infringing Product into the United States, further infringing the '583 Patent.

21. According to Defendant's website, Defendant is based in Canada, but has partnered with fulfillment centers "strategically placed in warehouses across the United States." *See* https://toogli.com/pages/why-buy-from-us (last visited Aug. 8, 2017).

22. Defendant also boasts having "thousands" of customers, and that "[a]ll of our items are in stock & ready to ship immediately." *Id.* Defendant offers free shipping throughout the United States, including into Arizona.

23. Upon information and belief, Defendant has also induced and continues to induce acts by third parties that Defendant knows or should know constitute direct infringement of the '583 Patent. Defendant actively induced infringement of the '583 Patent by designing its Infringing Product such that it infringes the '583 Patent and by purposefully directing, promoting, encouraging, and causing the manufacture, sale, advertisement for sale, use and/or importation into the United States of its Infringing Product by third parties in ways that infringe the '583 Patent.

24. A side-by-side comparison of the patented design and Defendant's Infringing Product is shown below:



| **Patented Design** | **Infringing Product** |
|---|---|

25. On its Amazon.com product page, Defendant compares the design of the Infringing Product with that of "Competing Brand's Stroller Hook," and markets the infringing design as being advantageous over other products having a non-infringing design:



26. Upon information and belief, Defendant knew or should have known of Plaintiff's existing patent rights in the '583 Patent because that Patent has been published since at least April 13, 2010. Moreover, the authentic Mommy Hook® product is marked with the '583 Patent number. Defendant was therefore aware or should have been aware of Plaintiff's rights in the '583 patent.

27. Plaintiff also, through counsel, expressly informed Defendant of the '583 Patent on or about July 14, 2017, demanding, *inter alia*, that Defendant cease infringement of the '583 Patent and confirm so in writing. Thus, Defendant's violation of Plaintiffs' patent rights has been and continues to be willful.

28. Upon information and belief, Defendant also knew or should have known of Plaintiff's trademark rights in THE MOMMY HOOK. The application for THE MOMMY HOOK trademark published in July 24, 2007, and registration issued in October 2007. On information and belief, Defendant also had notice of THE MOMMY

HOOK trademark via display of the circle R on product packaging and other advertising in accordance with 15 U.S.C. § 1111.

29. Defendant is seeking to improperly trade off THE MOMMY HOOK name and brand by advertising its infringing product as HOOKS FOR MOMMY and a HOOK SET FOR MOMMY. For example, the following text appears on Defendant's web page for the Infringing Product:

**HOOKS FOR MOMMY - (2 PACK)**
**$14.98** ~~$21.98~~

30. Defendant uses the terms MOMMY and HOOK in direct proximity to one another despite there being no commercial need for Defendant to do so. On information and belief, Defendant is seeking to trade off the well-known THE MOMMY HOOK trademark and brand name.

31. Defendant was also expressly informed by Plaintiff, through counsel, of Plaintiff's rights in THE MOMMY HOOK trademark on or about July 14, 2017. In that correspondence, Plaintiff demanded, *inter alia*, that Defendant cease infringement of THE MOMMY HOOK trademark. Defendant's violation of Plaintiffs' trademark rights has been and continues to be willful.

32. By selling and importing into the United States its Infringing Product, and by marketing that product as a "hook for mommy" for use on strollers, shopping carts and other carrier structures, Defendant is infringing Plaintiff's patent and trademark rights, diluting Plaintiff's trademark rights, and causing Plaintiff irreparable harm.

33. Defendants are also inducing others to infringe THE MOMMY HOOK trademark by intentionally supplying the Infringing Product to, and by inducing and encouraging others to advertise, promote and sell the Infringing Product, using the terms MOMMY and HOOK in proximity to each other, knowing that such use infringes THE MOMMY HOOK trademark.

34.  Defendant's infringement is further damaging Plaintiff via negative association with Defendant's Infringing Product, which has received dozens of negative reviews on Amazon.com, including the following customer comments:

- "Poor quality,"
- "as I was trying to open the clasp it just broke in my hands"
- "very poor quality and cheaply made"
- "Broke on the very first use. Really disappointed"
- "Used it twice and it simply broke."
- "Useless.  Get something else."
- "broke pretty quickly.  Pretty disappointed."
- "broke before I even hooked it onto the stroller."
- "Broke in 2 days."
- "Just got them in the mail and they arrived broken. . . . Disappointing."
- "the sides of the metal clips . . . are so sharp they could cut my fingers."
- "broke after just 1 or 2 uses . . . . DO NOT BUY."
- "These things are cheap and not worth the $"
- "Very Poor Material"
- "Disappointed it showed up broken."
- "it broke immediately"
- "arrived defective.  Don't waste your money."
- "Don't by [sic] this product, it is a waste of money!"

35.  As evidenced by these and other comments from Defendant's customers regarding the Infringing Product, confusion among consumers between the Infringing Product and the authentic Mommy Hook® is likely to harm 2 DOGS' and The Mommy Hook®'s reputation.

36.  Defendant's infringing conduct is causing Plaintiff irreparable harm.

## COUNT I

### Direct Infringement of the '583 Patent

37. 2 DOGS repeats, realleges, and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

38. Upon information and belief, Defendant's Infringing Product is covered by the design set forth in claim 1 of the '583 Patent.

39. Defendant has sold in the United States, offered for sale in the United States and imported into the United States, the Infringing Product. These acts constitute direct infringement of the '583 patent.

40. As a direct and proximate result of these actions, Defendant has unlawfully derived and will continue to derive, income, profits and goodwill from its infringing activities.

41. 2 DOGS has been and will continue to be damaged irreparably by Defendant's direct infringement of the '583 patent. 2 DOGS has no adequate remedy at law for these wrongs and injuries. The damage to 2 DOGS includes harm to its intellectual property that money cannot compensate.

42. Defendant's infringing conduct makes this an exceptional case under 35 U.S.C. § 285, due in part to Defendant's wanton disregard for Plaintiffs' patent rights.

## COUNT II

### Induced Infringement of the '583 patent

43. 2 DOGS repeats, realleges, and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

44. Upon information and belief, Defendant has induced others to make, use, sell, and offer for sale in the United States, and to import into the United States, Defendant's Infringing Product. Such third parties include online retailers and distributors throughout the United States who sell, offer for sale, distribute and/or import the Infringing Product in the United States.

45. Upon information and belief, Defendant knew of the '583 Patent as described above, and knew that third parties' actions constitute infringement of the '583 Patent.

46. Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful.

47. 2 DOGS has been and will continue to be damaged irreparably by Defendant's induced infringement the '583 Patent. 2 DOGS has no adequate remedy at law for these wrongs and injuries. The damage to 2 DOGS includes harm to its intellectual property that money cannot compensate.

48. Defendant's infringing conduct makes this an exceptional case under 35 U.S.C. § 285, due in part to Defendant's wanton disregard for Plaintiffs' patent rights.

## COUNT III

### Trademark Infringement Under the Lanham Act

49. 2 DOGS repeats, realleges, and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

50. Defendant has knowingly used and continues to use in commerce advertising that is designed to, and likely to, cause consumer confusion with regard to THE MOMMY HOOK trademark. Defendant has done so with the knowledge of, and the intent to call to mind and create a likelihood of confusion with regard to, and/or trade off the fame and goodwill associated with THE MOMMY HOOK product.

51. 2 DOGS has given notice of its registrations and claimed trademark rights pursuant to section 29 of the Lanham Act, 15 U.S.C. § 1111. Nevertheless, Defendant continues to infringe Plaintiff's registered trademark.

52. Defendant's actions (A) constitute trademark infringement, (B) are likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant and 2 DOGS and/or Defendant's products and 2 DOGS' products, and (C) is likely to cause such people to believe in error that Defendant's products have been authorized, sponsored, approved,

endorsed, or licensed by 2 DOGS, or that the Defendant is in some way affiliated with 2 DOGS.

53. 2 DOGS has no control over the nature and quality of the goods or services Defendant offers, and 2 DOGS' reputation and goodwill will be damaged – and the value of THE MOMMY HOOK trademark jeopardized – by Defendant's continued infringement of Plaintiff's trademark. Because of the likelihood of confusion between the Infringing Product and The Mommy Hook® product, any defects, objections, or faults found with Defendant's products will negatively reflect upon and injure the reputation that The Mommy Hook® product has gained. As such, Defendant is liable to 2 DOGS for infringement of its registered mark under 15 U.S.C. §1114.

54. Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to 2 DOGS' trademarks, business, reputation, and goodwill. 2 DOGS has no adequate remedy at law as monetary damages are inadequate to compensate 2 DOGS for the injuries caused by Defendant.

55. As a direct and proximate result of Defendant's conduct, 2 DOGS has suffered damages to the THE MOMMY HOOK trademark, and other damages in an amount to be proved at trial.

56. Defendant's infringement of 2 DOGS' registered trademark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of Plaintiff's trademark, and an exceptional case within the meaning of 15 U.S.C. § 1117(a).

57. 2 DOGS is entitled to injunctive relief, and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT IV

## False Designation of Origin/Unfair Competition

## Under Section 43(a) of the Lanham Act

58. 2 DOGS repeats, realleges, and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

59. Defendant's aforementioned acts constitute direct and/or indirect trademark infringement, false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), *et seq*.

60. THE MOMMY HOOK trademark has been used in commerce for over a decade, is federally registered, is legally incontestable, and is entitled to protection under both federal and common law. Through that extensive and continuous use, THE MOMMY HOOK trademark has become a well-known indicator of the origin and quality of The Mommy Hook® product.

61. Defendant's use of colorable imitations of THE MOMMY HOOK trademark constitutes a false designation of origin that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of the Infringing Product by creating the false and misleading impression that the Infringing Product is manufactured by, authorized by, or otherwise associated with 2 DOGS.

62. Defendant's use of colorable imitations of THE MOMMY HOOK trademark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to 2 DOGS for which 2 DOGS has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with 2 DOGS' trademark rights.

63. On information and belief, Defendant's use of colorable imitations of THE MOMMY HOOK trademark has been intentional and willful. Defendant's bad faith is evidenced at least by the similarity of the Infringing Product to the authentic "Mommy Hook" product and THE MOMMY HOOK trademark, as well as by Defendant's failure to abide by Plaintiff's infringement notices.

64. 2 DOGS is entitled to injunctive relief, and 2 DOGS is also entitled to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT V

### Common Law Trademark Infringement and Unfair Competition

65. 2 DOGS repeats, realleges, and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully here.

66. As a result of long-time sales of The Mommy Hook® and use of THE MOMMY HOOK brand, The Mommy Hook® product has become widely known and has acquired a reputation for quality and excellence.

67. Defendant, with knowledge of and with intentional disregard of 2 DOGS' rights, continues to advertise, promote, sell, and import Infringing Products into the United States and this District, and to intentionally infringe THE MOMMY HOOK trademark.

68. Defendant's acts are likely to cause confusion as to the source and/or sponsorship of 2 DOGS, and Defendant's acts constitute common law trademark infringement and misappropriation of the goodwill associated with THE MOMMY HOOK mark, and constitute unfair competition in violation of Arizona common law.

69. Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to 2 DOGS' trademarks, business, reputation, and goodwill. 2 DOGS has no adequate remedy at law because monetary damages are inadequate to compensate 2 DOGS for the injuries caused by Defendant.

70. On information and belief, Defendant's aforementioned conduct has been intentional and willful.

71. 2 DOGS is entitled to injunctive relief, and to recover Defendant's profits, actual damages, punitive damages, costs, and reasonable attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff 2 DOGS Distribution, LLC respectfully request that this Court enter judgment on each and every claim for relief set forth above and award relief, including, but not limited to, the following:

    A.    Granting judgment that Defendant has directly infringed the '583 patent;

    B.    Granting judgment that Defendant has indirectly infringed the '583 patent by inducing the infringement of the '583 patent;

    C.    Issuing a permanent injunction enjoining Defendant, and its agents, employees, attorneys, successors and assigns, and all persons, firms, and corporations acting in concert with them, from directly or indirectly infringing the '583 patent, including inducing the infringement of, or contributing to the infringement of, the '583 patent.

    D.    Entering judgment for Plaintiff against Defendant for damages suffered by Plaintiff as a result of such infringement, including, but not limited to lost profits and/or a reasonable royalty pursuant to 35 U.S.C. § 284;

    E.    Awarding Plaintiff enhanced damages as a result of Defendant's willful patent infringement;

    F.    Awarding Plaintiff the costs and disbursements of this action, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

    G.    A preliminary and permanent injunction against further infringement, direct and indirect, of THE MOMMY HOOK trademark and colorable imitations thereof by Defendant, its officers, agents, servants, employees, and attorneys, and all others in active concert or participation with any of them;

    H.    An order directing the destruction of all Infringing Products in Defendant's possession or control, including the destruction of all advertising materials related to the Infringing Product in Defendant's possession or control, including on the Internet

I. An award of Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1114, 1116, and 1117 for Defendant's trademark infringement;

J. Awarding Plaintiff pre-judgment and post-judgment interest, to the fullest extent available, on the foregoing; and

K. Granting such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

2 DOGS hereby demands a jury trial on all of its claims.

DATED this 11th day of August, 2017.

> LEWIS ROCA ROTHGERBER CHRISTIE LLP
>
> By: *s/Shane E. Olafson*
> Shane E. Olafson
> 201 East Washington Street, Suite 1200
> Phoenix, AZ 85004
> *Attorneys for Plaintiff 2 DOGS DISTRIBUTION, LLC*